GARRISON, Judge.
This is an appeal from a judgment of the district court finding the City of New Orleans and the Sewerage & Water Board each liable for 50% of the following amounts:
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Sewerage & Water Board of New Orleans and the City of New Orleans pay medical expenses in the amount of $1,832.00; lost wages in the amount of $1,185.00; general damages in the amount of $12,000.00; expert witness fee of Dr. James C. Butler in the amount of $450.00 for a testimony in Open Court; and legal interest from the date of judicial demand on January 3, 1985 in the amount of $3,240.00 at 12% interest and Court costs.”
From that judgment, the Sewerage & Water Board appeals.
On appeal, the Board raises two specifications of error:
1. The trial judge erred in finding the Board liable since no facility controlled by the Board was the cause of the plaintiff’s injury.
*343 2. The trial judge erred in failing to find that the plaintiff was not looking out for her own safety.
On January 13, 1984 plaintiff Rita Rogers was injured at the intersection of Pleasure and Desire Streets when she stepped into a hole covered by standing water. Mrs. Rogers suffered a fractured fibula. She was immobilized for 6 weeks during which she was absent from work and was under a doctor’s care until March 25 of the following year. At the time of her last doctor’s visit she exhibited swelling and tenderness to the touch in the fractured area. She suffered a 5-10% permanent physical disability and loss of function.
Turning to appellant’s first specification of error, the trial court judge, in oral reasons for judgment, found as follows:
“... it’s evident that the intersection of Pleasure and Desire Streets had a broken water main under the street. The Sewerage and Water Board of course went out to make repairs on January 18, 1984 but the testimony of plaintiff’s witnesses was that the water main could have been broken as many as three weeks prior to the actual repairs and the Sewerage and Water Board has no records indicating how long the water main has been broken.
“The Court’s convinced that it’s more probable than not that in fact the broken water main existed on the date of this accident, January 13, 1984 and that in fact the situation was as Mrs. Rogers and her witnesses described with water covering that intersection of Desire and Pleasure Streets.
“The Court’s also convinced from the testimony of Mr. Simoneaux who has been working with Sewerage and Water Board for more than 20 years that when the water came up through the center section of the street where the main was broken it in fact did move towards the area and cover the curb and area where plaintiff was injured, that there was standing water there on January 13, 1984.” (Tr. 206-207).
Upon an independent evaluation of the testimony and evidence presented, it cannot be said that the trial court was manifestly erroneous in determining that a facility controlled by the S & WB, namely a broken water main, was a cause of plaintiff’s injury. This finding is correct.
Turning to appellant’s second specification of error, appellant argues that the trial judge erred in failing to find that plaintiff was not looking out for her own safety. Mrs. Rogers was attempting to cross the street at the intersection of Pleasure and Desire. The hole in which she was injured was hidden by standing water. Mrs. Rogers was watching for traffic in order to cross the street. Her behavior was reasonable. As appellant cites in his brief “A pedestrian ... is not required to look for hidden dangers ...” Carr v. City of Covington, 477 So.2d 1202 (App. 1st, 1985).
For the reasons discussed, the judgment below is affirmed.
AFFIRMED.
BARRY, J., dissents with written reasons.